UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

FILED

2016 JAN -6 AM 9: 45

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

EDWARD SANTANA,

Plaintiff,

v.

BLU SUSHI GULF COAST TOWN CENTER,
LLC D/B/A BLU SUSHI

Defendant.

_____/

**JURY TRIAL DEMANDED**

2:16 -CV - 8 -FtM-99cu

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Pro Se Plaintiff, Edward Santana ("Plaintiff"), hereby sues

Defendant, Blu Sushi Gulf Coast Town Center, LLC ("Defendant"), and alleges as

follows:

### INTRODUCTION

This is an action for intentional age discrimination under the theory of Disparate

Treatment in violation of the Age Discrimination in Employment Act (hereinafter referred

to as **"ADEA"**) to correct unlawful employment practices and to provide relief to the

Plaintiff who was denied employment by Defendant because of his age [43], 40 years

old or older, (hereinafter referred to as **"the protected age group"**). As alleged with

greater particularity below, Plaintiff will establish that Defendant failed or refused to hire

him for the position of server and/or "hostess" position all in violation of the ADEA, 29

U.S.C. § 623(a)(1)(2). As will be seen throughout this complaint, the Plaintiff will present

direct and/or circumstantial evidence under the theory of disparate treatment in regards

to the Defendant's discriminatory treatment of the Plaintiff. As a result of this discriminatory disparate treatment, Plaintiff has suffered lost wages.

## JURISDICTION AND VENUE

1. This is an action Court for over over **FIFTEEN THOUSAND DOLLARS (*$15,000.00*)**, exclusive of interest and costs, and is within the jurisdictional limits of this Court.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 451, 1331, 1337 and 1343. This action is also authorized and instituted pursuant to Section 7(b) of the ADEA of 1967, as amended, 29 U.S.C. § 626(b).

3. The employment discrimination alleged to be unlawful were committed within the jurisdiction of the United States District Court Court for the Middle District of Florida.

4. Venueis proper in Lee County, Florida.

5. At all times material, Plaintiff was a United States citizen, a lawful resident of Lee County and over the age of eighteen (18).

6. At all times material, Defendant was doing business in South West Florida and in particular, Lee County, Florida.

## CONDITIONS PRECEDENT

7. The Plaintiff incorporates by reference the allegations in paragraphs 1-6.

8. On October 21, 2015, Plaintiff filed an Intake Questionnaire and a Sworn Affidavit/Charge (hereinafter referred to as **"Charge"**) of age and gender discrimination against the Defendant with the United States Equal Employment Opportunity Commission (hereinafter referred to as the **"EEOC"**).

2

9.	More than sixty (60) days have elapsed since the filing of the Plaintiff's ADEA Charge and as a result, agreeable with 29 U.S.C. § 633(a), suit may be brought without regard to the completion of the administrative process or receipt of a "**right-to-sue-letter.**"

10.	Prior to the institution of this lawsuit, Plaintiff attempted to eliminate the unlawful employment discriminatory disparate treatment alleged below to amicably resolve any and all issues with Defendant but was unable to do so.

11.	Thus, all conditions precedent to the initiation of this action against Defendant has been complied with through the administrative procedures.

## PARTIES

12.	The Plaintiff incorporates by reference the allegations in paragraphs 1-11.

13.	At all times material hereto, Plaintiff, was a forty two (43) year old male United States citizen and lawful resident of Lee County, Florida and otherwise _sui juris_ within the jurisdiction of this Court.

14.	Defendant is an active Florida Corporation, authorized to do business in the state of Florida, owned and managed, at least in part, by Peter Schmid.  At all times material hereto, Defendant does business under the fictitious name of Blu Sushi and is a restaurant notorious for offering a wide variety of exquisite Asian cuisine, fine wines, spirits and craft beers in Lee County, Florida.

15.	At all times material hereto, Defendant has continuously been a Florida corporation doing business in Lee County, Florida located at 10045 Gulf Center Drive, Fort Myers, Florida 33913 and within the jurisdiction of this Court and has had at least 20 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, pursuant to the ADEA.

16. At all times material hereto, Defendant has continuously been an **"employer"** engaged in an **"industry affecting commerce"** as defined in Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630 (b), (g) and (h).

## FACTS COMMON TO ALL COUNTS

17. The Plaintiff incorporates by reference the allegations in paragraphs 1-16.

18. On or around October 6, 2015, in response to an online/internet hiring advertisement on fortmyers.craigslist.org, Plaintiff applied for the vacant positions of "hostess" and/or server at the Defendant's Blu Sushi restaurant. Plaintiff was denied a job offer because of his age (and gender, Plaintiff is not alleging a gender claim in this complaint at the current time) in violation of the ADEA, 29 U.S.C. § 623(a)(1)(2).

19. Plaintiff is a member of the protected age group, Plaintiff was subjected to an adverse employment action, applied for and was qualified for the available positions sought, and the Defendant rejected his application in favor of substantially younger female job applicant(s)/employee(s).

20. Upon information and belief, due to the Defendant's discriminatory disparate treatment, it has denied the Plaintiff his right to equal employment opportunity in violation of the ADEA, in that qualified job applicants, in the protected age group including but not limited to the Plaintiff, have been denied employment that were given to equally or **less qualified** employees outside of the protected age group.

21. The Defendant's discriminatory disparate treatment against older job applicants in the protected age group such as Plaintiff, for the position of "hostess" and "server", emanates from top management and in particular, the Defendant's principal owner Peter Schmid which has been communicated to, repeated to, repeated by, and carried out by the Defendant's manager(s), including but not limited to Defendant's

General Manager and/or Manager Jennifer (last name unknown), in regards to the Defendant's preference for only hiring only young (female) college aged servers and hostesses in or around their 20's of age.

22.     Rather than hiring on the basis of experience, articulation, attitude, enthusiasm, professionalism as well as appearance, the Defendant hires servers on the basis of age and it is this discriminatory hiring that has led to the Defendant's reputation as a discriminator against applicants in the protected age group for the position of "hostsess" and server.

23.     What is even more troubling in regards to the Defendant's discriminatory hiring, is that the Defendant has not and does not advertise anywhere that it is an Equal Opportunity Employer or that veterans are encouraged to apply.

24.     The Defendant's owner and general manager's comments to the Plaintiff about how the Defendant only hires young (female) job applicants into the hostess and server position due to customer preference is direct evidence of intentional discrimination which is in direct violation of the ADEA.

25.     Upon information and belief, since at least January 1, 2015 and/or October 6, 2015, the Defendant has engaged in unlawful discrimination at its restaurant. This unlawful discriminatory disparate treatment include, but are not limited to the following:

> (a) Upon information and belief, since at least January 1, 2015 and/or October 6, 2015, the Defendant has subjected Plaintiff and/or others similarly situated aggrieved job applicants for the hostess and server position to discriminatory disparate treatment in the failure or refusal to hire such persons because of their age.

5

(b) Upon information and belief, as of January 1, 2015, October 6, 2015 and of the present time, **NO** servers or hostesses were in the protected age group. The Defendant's servers consist of at least 20-25 young female servers and approximately 5-7 female hostesses all in or around their 20's of age.

(c) The Defendant's owner Peter Schmid and/or General Manager, Jennifer, (with responsibility for day-to-day operations at Defendant's restaurant including authority over the hiring process) was instructed by her supervisory owner (Peter Schmid) not to hire job applicants in the protected age group for the hostess and server position. Peter Schmid and Jennifer made the following discriminatory comments to Plaintiff: "You have great experience but If you don't mind me asking, how old are you?"; "Unfortunately I won't be able to hire you for the hostess and/or server position because you are too old and we only hire young female hostesses and servers due to the fact that is what our customers prefer because they provide a more soothing atmosphere than older males"; and "We only hire young female college students in or around their 20's of age for the positions of server and hostess."

(d) Upon information and belief, older male job applicants in the protected age group, including the Plaintiff, who applied for the hostess and server position were told by Defendant's owner Peter and general manager and/or manager Jennifer, that Defendant preferred to hire young female servers and hostesses. The age composition of the

6

Defendant's server and hostess staff similarly communicated this message to Defendant's applicants and potential applicants.

(e) Defendant, either directly or implicitly, have instructed their manager(s) not to hire applicants in the protected age group for the hostess and server position. One would only need to walk into the Defendant's restaurant or visit their facebook page at https://www.facebook.com/Blusushifans/ where the Defendant makes a comment such as **"hottest staff in town, I love my girls."** Defendant obviously prefers young female servers and hostesses and that they definitely are not an Equal Opportunity Employer due to the lack of servers and hostesses in the protected age group. In addition, the comments made to the Plaintiff from several employees at the Defendant's restaurant is further proof of how the Defendant intentionally discriminates and prefers young female hostesses and servers over older applicants in the protected age group applying for the position of hostess and server..

22.    The effect of the discrimination complained of in paragraphs 21(a) through (e) above has been to deprive the Plaintiff in the protected age group of equal employment opportunities and otherwise to adversely affect his status as an applicant or potential employee, because of his age.

**COUNT 1**
**EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED**

23.    The Plaintiff incorporates by reference the allegations in paragraphs 1-22.

24.    This action seeks declaratory and injunctive relief, equitable relief, punitive damages and costs for intentional age discrimination suffered by the Plaintiff in the form of disparate treatment brought pursuant to the ADEA.

25.    The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the ADEA.

26.    Plaintiff belongs to a protected age group within the meaning of the ADEA, because he is 43 years old (Plaintiff is now 44 years old).

27.    As set forth above, Plaintiff has been subjected to disparate treatment discrimination.

28.    The discrimination Plaintiff endured was because of his age (and gender)..

29.    Defendant violated ADEA, 29 U.S.C. § 623(a)(1)(2). Unlawful employment practices: **(1)** Employer practices: It is an unlawful employment practice for an employer: **(a)** to **fail** or **refuse** to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals age; or **(b)** to limit, **segregate**, or classify his employees or applicants for employment in any way which would deprive any individual because of such individuals age.

30.    Defendant's disparate treatment is discriminatory, with respect to hiring and other terms and conditions of employment.

31.    The unlawful discriminatory disparate treatment complained of in paragraphs 21(a) through (e) were willful within the meaning of the *ADEA*.

32.    Defendant has performed the acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Plaintiff.

33.    As a direct and proximate result of the deprivation of rights at the hands of Defendant, Plaintiff has suffered injury, including but not limited to loss of wages and benefits that he would have been entitled to in absence of discrimination.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated employees, prays for relief as follows:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age;

B.    Order Defendant to institute and carry out policies, practices and programs which provide equal opportunities for applicants in the protected age group and which eradicate the effects of their past and present unlawful employment practices;

C.    Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Plaintiff and others similarly situated individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, applicants in the protected age group that were not hired because of their age;

D.    Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or

otherwise make whole individuals denied employment because of their age, including but not limited to Plaintiff;

E.     Order Defendants to advertise, at their expense, to identify individuals in the protected age group who were denied employment due to their age.

F.     Order Defendants to provide training for supervisors and managers at all corporate levels, specific to the *ADEA;*

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the Plaintiff its cost of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Edward Santana, on behalf of himself and others similarly situated, demands a Trial by Jury on all issues triable as of right by a jury.

Dated this 6th day of January, 2016.

Respectfully Submitted,

Eddie Santana – Pro Se
8951 Bonita Beach Rd SE #525
Bonita Springs, FL 34135
(239) 287-6332
esantana44@yahoo.com

10